UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL WALTER BERGER,

    Plaintiff,

    v.

JEFFERY BEARD, et al.,

    Defendants.
                                     /

No. C 15-681 EDL (PR)

**ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE**

Plaintiff, a California state prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs. Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 5.) Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, Plaintiff's complaint is dismissed in part, and served on one Defendant.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he suffered from a bowel obstruction while at Central Training Facility. Plaintiff was transported to Natividad Medical Center for several treatments and operations performed by Defendant Dr. Barron Mark F. Palmer. For over two years, Plaintiff alleges that Dr. Palmer denied him proper medical treatment and exhibited deliberate indifference. Liberally construed, Plaintiff has stated a cognizable claim that Dr. Palmer was deliberately indifferent to his serious medical needs.

Plaintiff has also named Warden M.E. Spearman, Medical Receiver J. Clark Kelso, and Secretary of the California Department of Corrections and Rehabilitation Jeffrey A. Beard as defendants. However, "[i]n a § 1983 [] action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Thus, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim rather than on a generally applicable concept of supervisory liability. *See Oregon State University Student Alliance v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012). Here, supervisor liability is established by showing a knowing acquiescence to Eighth Amendment violations that are based upon deliberate indifference. *Id.* at 1074-75 & n.18.

Plaintiff has not alleged any facts to support supervisory liability for Warden M.E. Spearman, Medical Receiver J. Clark Kelso, or Secretary of the California Department of Corrections and Rehabilitation Jeffrey A. Beard for a violation of Plaintiff's Eighth

Amendment right.  Accordingly, Defendants Warden M.E. Spearman, Medical Receiver J. Clark Kelso, and Secretary of the California Department of Corrections and Rehabilitation Jeffrey A. Beard are DISMISSED.

**CONCLUSION**

1. Defendants Warden M.E. Spearman, Medical Receiver J. Clark Kelso, and Secretary of the California Department of Corrections and Rehabilitation Jeffrey A. Beard are DISMISSED.

2. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge jurisdiction consent form, and a copy of this order to Dr. Barron Mark F. Palmer at Natividad Medical Center, 1441 Constitution Blvd., Salinas, CA 93912.  The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office.  Additionally, the clerk shall mail a copy of this order to Plaintiff.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form.  If service is waived, defendant will be required to serve and file an answer within sixty (60) days from the date on which the request for waiver was sent to them.  Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date the waivers are sent, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

    b. At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012). At that time, Defendant shall also submit the magistrate judge jurisdiction consent form.

    c. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon Defendant no later than twenty-eight days from the date the motion was served upon him.

    d. Defendant shall file their reply brief no later than fourteen days after the opposition is served upon him.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5. All communications by plaintiff with the court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendans or Defendant's counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 20, 2015.



ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Berger681serve.wpd

5