UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALTER BERGER,<br><br>          Plaintiff,<br><br>     v.<br><br>JEFFREY BEARD,<br><br>          Defendant. | Case No. 15-cv-0681-TEH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Dkt. Nos. 21, 32 |

Plaintiff Michael Berger, a former state prisoner, filed this pro se action under 42 U.S.C. § 1983. This case proceeds against Defendant Dr. Palmer who is a surgeon employed by Monterey County at Natividad Medical Center. Plaintiff alleges that Defendant provided inadequate medical care for the treatment of Plaintiff's bowel obstruction. Defendant has filed a motion for summary judgment. Despite being provided several extensions, Plaintiff has not filed an opposition, though he did file a three-page declaration that the Court has reviewed in addition to the allegations in the complaint.[1]  The Court has looked to the

---

[1] Plaintiff was paroled from prison on June 27, 2015. Docket No. 16. This motion for summary judgment was filed on November 20, 2015. Docket No. 21. Plaintiff became detained in Sacramento County Jail around March 2016. Docket No. 37. When Plaintiff was incarcerated in prison another inmate was aiding with the litigation. After Plaintiff's release the Court denied requests for the inmate to be granted "next fried" status and litigate the case on Plaintiff's behalf. Docket No. 28. The Court has still reviewed the motion to compel filed by that inmate but denies it because it contains no specific requests. Moreover, the motion for summary judgment contains more than 300 pages of Plaintiff's medical records covering his time at several hospitals.

merits of the motion for summary judgment and for the reasons that follow, Defendant's motion is GRANTED.

## I

Plaintiff was incarcerated at Correctional Training Facility during the relevant time.[2] Complaint at 10. Defendant was a surgeon at Natividad Medical Center ("NMC") during the relevant time. Motion for Summary Judgment ("MSJ") at Ex. 1 at 1. Defendant treated Plaintiff at NMC on many occasions from October 5, 2011, to November 18, 2013, for a bowel obstruction and related issues. MSJ, Ex. 1 at 1, 10.[3]

On October 5, 2011, Plaintiff was transported to NMC where he complained of nausea, vomiting, and abdominal pain. MSJ, Ex. F at 3-5. A CT scan was performed that revealed a severe stenosis of his prior anastomosis, along the staple line. Defendant performed surgery on Plaintiff that same day to address a bowel obstruction. Defendant observed a near complete bowel obstruction at the previous anastomotic site so he performed a small bowel resection and colostomy. Id. at 6-9, 299-301.

On October 7, 2011, Defendant again operated on Plaintiff for post-operative bleeding and resected an additional section of the bowel. Id. Defendant continued to treat Plaintiff until he was discharged. MSJ, Ex. 1 at 3.

---

[2] The following facts, unless otherwise noted, are undisputed.
[3] Plaintiff received other bowel treatment prior to his arrival at NMC. In January 2010 he underwent a laparoscopic sigmoidectomy at Community Regional Medical Center in Fresno. MSJ, Ex. G at 654-58. In March 2010, Plaintiff was taken to the emergency room at Mercy Hospital in Bakersfield where he underwent a laparotomy involving a partial rectosigmoid colectomy. Id. at 9-10. Another bowel surgery was performed on Plaintiff at Mercy Hospital in January 2011. Id. at 684-88.

Defendant continued to treat Plaintiff on an outpatient basis after he was discharged. Id. Defendant treated Plaintiff on November 29, 2011, and performed a colonoscopy on Plaintiff on December 14, 2011. Id. On December 29, 2011, Defendant again performed surgery on Plaintiff, taking down his colostomy and reconnecting the colon to the rectum. Id. Plaintiff remained at the hospital following the surgery until he was discharged on January 20, 2011. Id. at 4.

Defendant treated Plaintiff again on January 27, 2011, and on February 5, 2012, when Plaintiff returned with drainage from the incision site. Id. It was determined that Plaintiff was suffering from an enterocultaneous fistula, which is a recognized risk of bowel surgery and allows the contents of the bowel to leak through the opening in the skin. Id. After Plaintiff was observed for several days, he was released for the fistula to heal on its own, if possible. Id.

Defendant saw and treated Plaintiff four more times between February 21 and May 22, 2012. During this time Defendant noted that the drainage had reduced markedly and Plaintiff indicated that he was having normal bowel movements and denied nausea or vomiting. Id. at 5-6. On May 22, 2012, Defendant treated the fistula and recommended a CT scan. Id. At a different hospital, Plaintiff received a fistulogram, which showed only a sinus tract connecting with a localized small cavity and no communication with the bowel. MSJ, Ex. I at 101. Defendant treated Plaintiff on August 24, 2012, and after reviewing the fistulogram cauterized the fistula opening. MSJ, Ex. 1 at 6.

Defendant treated Plaintiff again on September 7 and November 20, 2012. Id. at 6-7. On December 6, 2012, Defendant performed a wound exploration and debridement in the operating room and excised the fistula tract. Id. at 7. Defendant saw Plaintiff six more times between December 21, 2012, and June 7, 2013. Id. at 7-9. On June 7, 2013, Defendant placed a Penrose drain in the wound to facilitate drainage and healing. Id. at 9. Another doctor removed the Penrose drain but Plaintiff saw Defendant again on July 9, 2013, when Defendant inspected the wound and observed that the fistula tract extended about 4 cm deep. Id. Defendant also discussed treatment options with Plaintiff, who was reluctant to undergo further surgery. Id. Another CT scan was performed and more options were discussed with Plaintiff, who then agreed with further surgery. Id. When Defendant saw Plaintiff again on September 3, 2013, he was doing well, but surgery was still the recommendation. Id. at 10.

Defendant saw Plaintiff for the last time on November 18, 2013. Id. Prior to that visit, Plaintiff was seen by a doctor at the University of California San Francisco who planned to perform two abdominal surgeries, but first a pre-surgery colonoscopy was ordered. Id. Defendant performed the pre-surgery colonoscopy on Plaintiff. Id. This was the last interaction between the parties. Id.

Plaintiff underwent the first surgery at the University of California San Francisco on March 28, 2014, and the second surgery on February 13, 2015. MSJ, Ex. H at 2-20, 536-53. A third surgery was performed on June 23, 2015. Id. at 1431-42.

4

Defendant has also included a declaration from Dr. Barry Gardiner, a board certified surgeon, who reviewed Plaintiff's medical records and Defendant's treatment. MSJ, Ex. 3. Dr. Gardiner declared that Defendant's care was appropriate and conformed with the professional standard of care and that Defendant was not indifferent to Plaintiff's medical needs. Id. at 3.

Plaintiff does dispute the facts set forth above. Plaintiff has not filed an opposition, but he did file a three-page declaration stating that Defendant was negligent in his care. Docket No. 31 at 9. In the complaint, Plaintiff argues that Defendant denied needed medical treatment and did not properly treat him. Complaint at 10-13. He states that Defendant did not properly treat the fistula which caused further bowel problems. Id. at 13.

## II

### A

Summary judgment is properly granted when no genuine disputes of material fact remain and when, viewing the evidence most favorably to the nonmoving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987). The moving party bears the burden of showing there is no material factual dispute. Celotex, 477 U.S. at 331. Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Id. at 324; Eisenberg, 815 F.2d at 1289. The Court must draw all reasonable

inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1559 (9th Cir. 1991).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden of production, the burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir.) cert. denied, 502 U.S. 994 (1991); Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105 (9th Cir. 2000).

Material facts that would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Questions of fact regarding immaterial issues cannot defeat a motion for summary judgment. Reynolds v. County of San Diego, 84 F.3d 1162, 1168-70 (9th Cir. 1996), rev'd on other grounds by Acri v. Varian Associates, Inc., 114 F.3d 999 (9th Cir. 1997). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

B

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A defendant is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference describes a state of mind more blameworthy than negligence and requires "more than ordinary lack of due care for the prisoner's interests or safety." Id. at 835. Thus, if a defendant should have been aware of the substantial risk of serious harm, but was not, then the defendant has not violated

the Eighth Amendment, no matter how severe the risk.  <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1188 (9th Cir. 2002). Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. <u>McGuckin</u>, 974 F.2d at 1060.

A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference.  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

### III

It is undisputed that Defendant saw Plaintiff on approximately 19 outpatient visits over 25 months and treated Plaintiff during three hospitalizations, during which time he performed four separate surgical procedures.  Defendant has presented a great deal of evidence demonstrating that he provided appropriate medical care.  Defendant has also included a medical expert opinion from another doctor stating that he provided proper care.

Defendant, the moving party, has met his burden in demonstrating the absence of a genuine issue of material fact. Plaintiff has failed to meet his burden to show the existence of any disputed fact to oppose summary judgment.  Plaintiff has failed to file an opposition or discuss any of the arguments or

evidence presented by Defendant.  Plaintiff argues in his complaint and brief declaration that Defendant was negligent and reckless in his care and did not properly treat the fistula, causing further bowel problems.  Other than these conclusory statements, Plaintiff provides no other evidence in support.  This is insufficient to defeat summary judgment.  See <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.")

The undisputed facts described above demonstrate that each time Plaintiff was admitted to the hospital he received comprehensive treatment and care by Defendant.  Plaintiff was also properly treated during his outpatient visits.  It is also undisputed that Plaintiff was suffering from bowel problems and underwent multiple surgical procedures prior to any involvement by Defendant.

Plaintiff states that another surgeon at the University California San Francisco stated that Defendant performed faulty and negligent stitching in the abdominal wall when treating the fistula.  Docket No. 31 at 9.  Plaintiff states that this caused a large hernia.  However, Plaintiff does not provide a declaration from this surgeon, nor does Plaintiff identify where this is stated in the medical records from the University California San Francisco.  A review of the records does not reflect this allegation.

Assuming arguendo that Plaintiff's condition worsened due to an error caused by Defendant in treating the fistula, Plaintiff

provides no evidence to support negligence let alone the higher standard for deliberate indifference.  There is no evidence to support a deliberately indifferent state of mind, which is more blameworthy than negligence and requires "more than ordinary lack of due care for the prisoner's interests or safety."  Farmer, 511 U.S. at 835.  Plaintiff has not identified a purposeful act or failure to act on the part of Defendant that resulted in harm.  See McGuckin, 974 F.2d at 1060.

The Court has not found a constitutional violation, yet even if there was such a violation Defendant is entitled to qualified immunity.  It would not be clear to a reasonable official that providing all the medical care and surgery which was provided would be unlawful.  See Saucier v. Katz, 533 U.S. 194, 202 (2001) For all these reasons, summary judgment is granted.

IV

For the foregoing reasons, the Court hereby orders as follows:

1.  Plaintiff's motion to compel filed by a third party (Docket No. 32) is DENIED for the reasons set forth above.

2.  Defendant's motion for summary judgment (Docket No. 21) is GRANTED.

2.  The Clerk shall close the file.  This order terminates Docket Nos. 21, 32.

IT IS SO ORDERED.

Dated: 04/08/2016

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.15\Berger0681.sj.docx